## BAKER *et al.*, Appellant, *v.* CORNWALL *et al.* Respondent.

Bond, Pleadings in Action.—Where the condition of a bond is to pay the debt of another, the condition operates merely by way of defeasance ; and if a defendant chooses to put his obligation in that form, he selects to be originally liable. A bond should be sued on, setting out breaches and damages. Assumpsit on the condition would be bad, on demurrer.

Appeal from the Sixth Judicial District.

Plaintiffs sued upon the bond of defendants, conditioned for *the payment of the interest upon a mortgage executed by defendant D. G. Whitney, to one Nathaniel P. Sheldon.

The defendant Whitney, at the trial, moved the Court for a nonsuit, which the Court granted, and the plaintiffs appealed.

*Latham & Aldrich*, for Appellants.

The bond conforms with the requirements of the Act concerning Fraudulent Conveyances and Contracts, in respect to the expression of a consideration. (24 Wend. 35; Story on Contracts, 435, Sec. 431, p. 448, Sec. 855; Smith on Contracts, 118.) The undertaking is original as to both defendants. The consideration, therefore, need not be ex pressed, but it may be shown *aliunde*. (Story on Contracts, 952, Secs. 860, 861.)

No brief on file for respondents.

Mr. J. Heydenfeldt delivered the opinion of the Court Mr. Ch. J. Murray concurred.

It seems from the argument at bar that the case was decided by the District Court on the ground that the bond which is the cause of action is an undertaking to pay the debt of another, and having no consideration expressed is within the Statute of Frauds.

The bond is a simple, original undertaking, and although the condition is to pay the debt of another it operates merely by way of defeasance to the undertaking, and does not alter its character. The fact that the defendant chose to put his obligation in that form only proves that he selected to be originally liable. The declaration however is very imperfect. It should have been a declaration upon the bond, setting out the condition, assigning breaches, and praying for the debt and damages; whereas it seems merely to be a count in assumpsit on the condition. This however was not taken advantage of by demurrer, and, therefore, cannot affect the decision of the main question raised in the argument. It is mentioned here as an indication of our earnest desire for correct pleading.

Judgment reversed and cause remanded.